UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST,<br><br>                Plaintiff,<br>    v.<br><br>PACIFIC SHIP REPAIR & FABRICATION, INC., a California corporation,<br><br>                Defendant. | Case No. 2:23-cv-00046<br><br>COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES |

## I. PARTIES

1.1    Plaintiff Puget Sound Electrical Workers Healthcare Trust (the Healthcare Trust) is a Taft-Hartley trust fund created for the purpose of providing eligible employees, dependents, and beneficiaries with healthcare, vacation, and related benefits. It maintains its principal and administrative offices in Mercer Island, King County, Washington.

1.2    Upon information and belief, Defendant Pacific Ship Repair & Fabrication, Inc. (Pacific Ship Repair) is a California corporation with its principal place of business in San Diego, San Diego County, California. Upon information and belief, and at all relevant times, Pacific Ship Repair conducts business within this district through its facilities located in Bremerton, Kitsap

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 1
2:23-cv-00046

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

County, Washington and in Everett, Snohomish County, Washington. Pacific Ship Repair has Participating Employees at both of its Bremerton and Everett facilities.

## II. JURISDICTION AND VENUE

2.1 This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

2.2 Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and by agreement of the Parties.

## III. FACTS

3.1 On behalf of Pacific Ship Repair, David Bain, identifying himself as "Owner" executed an *Agreement by and between Pacific Ship Repair and Fabrication, Inc. and The Metal Trades Department of the AFL-CIO and the Puget Sound Metal Trades Council* (the Labor Agreement), effective June 8, 2022 through June 30, 2024.

3.2 The Labor Agreement's scope includes:

> 1.1 This Agreement shall cover all production, repair and maintenance employees within the bargaining unit in the employ of the Company signatory hereto, and shall apply to all work and activities of the Company in connection with the construction, conversion, repair or scrapping of any vessel within the state of Washington including, but not limited to, dredges, floating drydocks, offshore drilling vessels, barges, mobile drilling platforms, and all auxiliary equipment used in conjunction therewith, and any and all commercial fabrication, manufacturing, and commercial services of the Company located in the state of Washington. Any Unit employee directed by the Company to work at any other location shall remain covered by this Agreement.

3.3 By signing the Labor Agreement, Pacific Ship Repair agreed to make fringe benefit contributions to the Healthcare Trust:

> 27.1 The Company shall pay the amounts identified in Schedule "A" into jointly administered Health, Welfare, Dental, and Pension Trust Funds.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 2
2:23-cv-00046

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.4 The Healthcare Trust is an intended beneficiary under the terms of the Labor Agreement.

3.5 By executing the Labor Agreement and participating in the Healthcare Trust's benefit plan(s), Pacific Ship Repair is bound by the written terms of the Trust Agreement for the Healthcare Trust.

3.1 Pacific Ship Repair's obligations to the Healthcare Trust are set forth in Article IX, §§1 – 9 and Amendment No. 5 to Article IX, Section 5 of the *Trust Agreement Governing a Joint Labor-Management Employee Welfare Benefit Trust Fund*, dated February 23, 1954, and as amended. Under the Healthcare Trust, Pacific Ship Repair agreed to, among other things:

- Submit its reports on or before the due date specified in the collective bargain agreement or as set by the trustees, even if the company had no employees for that period of time;

- Submit to an audit of the company's payroll books and records as necessary for the administration of the Healthcare Trust;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Healthcare Trust's attorney fees and costs of collection.

3.6 Upon information and belief, following execution of the Labor Agreement, Pacific Ship Repair used employees in Washington to perform covered work subject to the Labor Agreement's scope.

3.7 However, Pacific Ship Repair did not provide complete monthly reporting of fringe benefit contributions to the Healthcare Trust nor full payment.

3.8 Pacific Ship Repair was delinquent with its reporting and payment of fringe benefit contributions for August 2022. On or about November 7, 2022, Pacific Ship Repair submitted

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 3
2:23-cv-00046

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

unfunded remittance reports for August 2022 on its account #60690. Pacific Ship Repair paid the $3,194.38 in reported contributions but did so long after the Thursday, September 15, 2022 due date. Accordingly, Pacific Ship Repair was assessed $319.44 in liquidated damages and $32.45 in assessed interest, which the company has failed and/or refused to pay.

3.9     Subsequently, Pacific Ship Repair failed to provide remittance reports and contributions payments for the months of September through November 2022, each of which is now overdue on account #60690.

3.10    Pacific Ship Repair's delinquency is continuing and accordingly the Healthcare Trust expects its monetary damages to increase.

3.11    As of today, Pacific Ship Repair owes the Healthcare Trust an unknown amount of fringe benefit contributions for the months of September through November 2022, and an unknown amount in delinquent and unreported/unpaid fringe benefit contributions for September 2022 through the present. Pacific Ship Repair also owes the Healthcare Trust additional amounts of liquidated damages, accrued, pre-judgment interest due to non- or late-payment, plus additional amounts for attorney fees and costs for the entire delinquency period of August 1, 2022 through the present.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1     The Healthcare Trust realleges each and every allegation contained in ¶¶3.1 –3.11 above.

4.2     Pacific Ship Repair's failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Labor Agreement, to which the Healthcare Trust is a beneficiary. Pacific Ship Repair's failure to fully pay fringe benefit contributions it reported also

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 4
2:23-cv-00046

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

constitutes breaches of the Trust Agreement, the terms of which Pacific Ship Repair agreed to when it signed the Labor Agreement and began participating in the Healthcare Trust's benefit plan(s).

4.3     As a result of Pacific Ship Repair's breach, the Healthcare Trust has been damaged in an unknown amount to be proven at trial, representing delinquent fringe benefit contributions, plus other ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

### Second Cause of Action
### (Violation of ERISA)

4.4     The Healthcare Trust realleges each and every allegation contained in ¶¶3.1 – 3.11 above.

4.5     Pacific Ship Repair's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6     As a result of Pacific Ship Repair's violations of ERISA, the Healthcare Trust has been damaged in an unknown amount to be proven at trial, representing delinquent fringe benefit contributions, plus other ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

## V. REQUESTED RELIEF

The Plaintiff Healthcare Trust respectfully requests the Court grant the following relief:

A.  Entry of an order directing Pacific Ship Repair to provide the delinquent reports for September 2022 to the present to the Healthcare Trust;

B.  Judgment in favor of the Healthcare Trust against Pacific Ship Repair, in an amount to be determined at trial, representing past-due and delinquent fringe benefit contributions owed by Defendant Pacific Ship Repair pursuant to the terms of the labor and trust agreements to which Pacific Ship Repair is a party;

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 5
2:23-cv-00046

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

C. Judgment in favor of the Healthcare Trust against Pacific Ship Repair, in an amount to be determined at trial, representing liquidated damages owed by Defendant Pacific Ship Repair pursuant to the terms of the labor and trust agreements to which Pacific Ship Repair is a party;

D. Judgment in favor of the Healthcare Trust against Pacific Ship Repair, in an amount to be determined at trial, representing accrued prejudgment interest owed by Defendant Pacific Ship Repair pursuant to the terms of the labor and trust agreements to which Pacific Ship Repair is a party;

E. An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Pacific Ship Repair is a party, and as authorized under ERISA;

F. An award of post-judgment interest as authorized under ERISA and the applicable Trust Agreement; and

G. Any other such relief under federal law or as is just and equitable.

Dated: January 9, 2023.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
**Barlow Coughran Morales & Josephson, P.S.**
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900 (t)
jeffreym@bcmjlaw.com

Counsel for Plaintiff
Puget Sound Electrical Workers Healthcare Trust

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 6
2:23-cv-00046

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900