Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>PACIFIC SHIP REPAIR & FABRICATION, INC., a California corporation,<br><br>　　　　　　Defendant. | Case No. 2:23-cv-00046-MJP<br><br>PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>**Noted for Hearing:**<br>**May 3, 2023** |

Plaintiff Puget Sound Electrical Workers Healthcare Trust (the Healthcare Trust) respectfully requests this Court enter default judgment against Defendant Pacific Ship Repair & Fabrication, Inc. (Pacific Ship Repair) pursuant to Fed. R. Civ. P. 55(b), LCR 55(b), and LCR 7(d)(1). The Puget Sound Electrical Workers Healthcare Trust is a joint labor-management Trust Fund organized under the Labor Management Relations Act (LMRA), 29 U.S.C. §186(c) and provides health and welfare benefits under the Employee Retirement Security Act (ERISA), 29 U.S.C. §1001, *et seq.* and as amended. This action was filed to enforce Pacific Ship Repair's obligation to timely provide its monthly remittance reports to the Healthcare Trust and to collect the delinquent fringe benefit contributions the company has failed and/or refused to pay, plus liquidated damages, and other late fees as allowed under ERISA. (Complaint, at ¶3.11, Dkt. #1).

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – 1
2:23-cv-00046-MJP

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1  Those contributions are used to fund health and welfare benefits to Pacific Ship Repair's covered
2  workers in the electical industry, as well as to their dependents and beneficiaries, and are essential
3  parts of the workers' wage package. (Declaration of Rose Pelletier, at ¶5). Collection of those
4  contributions from delinquent employers such as Pacific Ship Repair is important to adequately
5  fund and provide the benefits to working electricians, benefits they have bargained for. (Pelletier
6  Decl., ¶5). Accordingly, collections actions such as the one before this Court are essential and
7  must be undertaken by the Healthcare Trust. (Pelletier Decl., at ¶5). As set forth below, the
8  Healthcare Trust contends entry of a default judgment against Pacific Ship Repair is appropriate
9  and supported by applicable law.

## I. MATERIAL FACTS

11  All facts contained in the Healthcare Trust's Complaint (Dkt. #1), except for those relating
12  to damages, are accepted as true in a motion for entry of a default judgment. *TeleVideo Systems,*
13  *Inc. v. Heidenthal*, 926 F.2d 915, 917-18 (9th Cir. 1987), citing *Geddes v. United Financial Group*,
14  559 F.2d 557, 560 (9th Cir.1977). See also, Fed. R. Civ. P. 8(b)(6). The facts show Defendant is
15  liable to the Healthcare Trust. Pacific Ship Repair entered into a Labor Agreement, binding it to
16  the Healthcare Trust's Trust Agreement. Pacific Ship Repair breached its obligations under the
17  labor and trust agreements, and the Healthcare Trust is thus entitled to equitable and monetary
18  relief.

## II. ISSUES PRESENTED

20  1.  Is the Puget Sound Electrical Workers Healthcare Trust entitled to entry of a default
        judgment against Defendant Pacific Ship Repair, when despite proper service, the
21      company has failed to appear, plead, or otherwise defend itself against the
        allegations contained in the Complaint?
22
23  2.  Is the Puget Sound Electrical Workers Healthcare Trust entitled to an award of
        liquidated damages under 29 U.S.C. §1132(g)(2)(C)(ii)?

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – 2
2:23-cv-00046-MJP

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3. Is the Puget Sound Electrical Workers Healthcare Trust entitled to an award of prejudgment interest under 29 U.S.C. §1132(g)(2)(B) and the terms of the applicable trust agreements?

4. Is the Puget Sound Electrical Workers Healthcare Trust entitled to its attorney fees and costs of collection under 29 U.S.C. §1132(g)(2)(D) and the terms of the applicable trust agreements?

### III.  EVIDENCE RELIED UPON

The Puget Sound Electrical Workers Healthcare Trust relies upon its motion; the Declaration of Rose Pelletier, with attached Exhibits 1 – 4; the Declaration of Jeffrey G. Maxwell, with attached Exhibits 5 – 7; as well as the pleadings, files, and court records in this matter.

### IV.  ARGUMENT AND AUTHORITY

This motion is made pursuant to Fed. R. Civ. P. 55(b) and LCR 55(b)(2).  Evidence supporting the Healthcare Trust's equitable and monetary claims for relief are attached with the declarations filed in support of this motion.  LCR 55(b)(2).

Entry of default judgment is at the discretion of the court.  *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511-12 (9th Cir. 1986); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  Courts should decide cases on the merits when reasonably possible.  Accordingly, default judgments are disfavored and apply the seven *Eitel* factors.  *Eitel*, 782 F.2d at 1471-72.

#### A.  This Court Has Jurisdiction and Venue in this Court Is Proper.

As set forth in the Complaint, and as set forth below, both jurisdiction and venue are proper in this Court.

##### 1.  The District Court Has Exclusive Jurisdiction over the Claims Asserted in the Complaint.

The district courts have exclusive jurisdiction for most actions brought under ERISA, specifically 29 U.S.C. §§1132(a)(3), 1145 (Dkt. #1, at ¶¶3.8-3.11, 4.2, 4.5-4.6).  See 29 U.S.C. §1132(e)(i).

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – 3
2:23-cv-00046-MJP

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

### 2. Venue Is Proper in this Court.

Under ERISA, actions "may be brought in the district where the plan is administered, where the breach took place, or *where a defendant resides or may be found*, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. §1132(e)(2)(emphasis added). Because the Defendant resides and operates in this District (Dkt. #1 at ¶1.2; Dkt. #4), venue is proper in this Court.

### B. Pacific Ship Repair Is Liable to the Healthcare Trust.

The Healthcare Trust contends it has adequately set forth a prima facie case in its Complaint setting forth Pacific Ship Repair's liability. Facts from the Complaint (Dkt. #1) relating to liability are taken as true. Rule 8(b)(6); *TeleVideo Systems, Inc.* 926 F.2d at 917-18; *Geddes*, 559 F.2d at 560. The Complaint shows that Pacific Ship Repair was party to a Labor Agreement (Dkt. #1, at ¶¶3.1-3.2; Pelletier Decl., ¶¶9-10 and Ex. 1 at pp. 30, 35) that required fringe benefit contributions be paid to the Healthcare Trust for all covered work performed by Pacific Ship Repair's employees. (Dkt. #1 at ¶3.3; Ex. 1 at p. 30). The Trust Agreement requires Pacific Ship Repair to timely report and pay fringe benefit contributions to the Healthcare Trust. (Pelletier Decl., Ex. 2 at Art. IX, §§1-3 at p. 67).

As required by Local Civil Rule 55(b), the Labor Agreement and the Trust Agreement are attached in support of this motion.

### C. Application of *Eitel* Factors.

The Healthcare Trust contends a majority of the *Eitel* factors weigh in favor of entry of default judgment.

#### 1. Possible Prejudice to Plaintiffs.

The first *Eitel* factor concerns whether denial of a default judgment would prejudice the Healthcare Trust. Absent entry of judgment, the Healthcare Trust is left without a legal remedy

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – 4
2:23-cv-00046-MJP

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

and the electrician participants are potentially harmed by not having benefits eligibility for hours worked but not reported. This factor weighs in favor of entry of a default judgment.

### 2. The Merits of Plaintiffs' Substantive Claim

The second *Eitel* factor concerns whether the Healthcare Trust has alleged substantive claims upon which relief may be granted. The Healthcare Trust has alleged federal statutory claims and they have provided evidentiary support for their claims. The documents establish the obligation of Pacific Ship Repair to timely report and pay fringe benefit contributions to the Healthcare Trust. This factor weighs in favor of entry of a default judgment.

### 3. The Sufficiency of the Complaint.

The third *Eitel* factor concerns whether the Healthcare Trust has stated a claim upon which relief may be granted. The Healthcare Trust alleged in its Complaint that Pacific Ship Repair failed to provide all of its monthly remittance reports and failed pay the reported fringe benefit contributions, claims which fall under ERISA, 29 U.S.C. §§1132(a)(3), 1145 (Dkt. #1, at §§4.1 – 4.6). The Healthcare Trust has stated claims for monetary damages, which at the time of the Complaint consisted of delinquent fringe benefit contributions and related liquidated damages and interest. (Dkt. #1, at §§3.11, 4.3, 4.6).

### 4. Sum of Money at Stake in the Action.

The fourth *Eitel* factor considers the amount of money at stake in relation to the seriousness of Pacific Ship Repair's conduct. *Pepsi Co, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal., 2002). The Healthcare Trust is seeking both equitable relief (the provision of the delinquent monthly remittance reports) and monetary relief (entry of judgment for liquidated damages, interest, attorney fees, and costs). If such relief against delinquent employers is not granted, the Healthcare Trust cannot properly fund the benefits it administers and its Trustees are

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – 5
2:23-cv-00046-MJP

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

arguably unable to fulfill their duties to participants and beneficiaries. This factor weighs in favor of entry of a default judgment.

### 5. The Possibility of Dispute Concerning Material Facts.

The fifth *Eitel* factor concerns whether there is a possibility that the material facts in this matter are in dispute. Because all well-pleaded facts of the Complaint – except for damages – are taken as true, there are not disputes of material fact. *TeleVideo Systems, Inc.*, 826 F.2d at 917-18. This factor weighs in favor of entry of a default judgment.

### 6. Whether Default Was Due to Excusable Neglect.

The sixth *Eitel* factor concerns whether Defendant's failure to appear was the result of excusable neglect. The company was properly served. (Dkt. #4). The court record contains no evidence that excusable neglect plays a role in Defendant's failure to appear despite proper service of the summons and complaint. This factor weighs in favor of entry of a default judgment.

### 7. Federal Policy Favoring Decisions on the Merits.

Rule 55(b) allows for the entry of default judgments when a defendant has failed to respond to the complaint. Fed. R. Civ. P. 55(b); see also, *Eitel*, 782 F.2d at 1472; *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. The evidence in the record weighs in favor of entry of a default judgment.

### D. The Healthcare Trust is Entitled to an Award of Attorney Fees and Costs under ERISA.

ERISA authorizes the award of reasonable attorney fees and costs to a plan that obtains a judgment. 29 U.S.C. §1132(g)(2)(D). ERISA authorizes post-judgment interest at the rate specified by the plan. 29 U.S.C. §1132(g)(2). The Healthcare Trust's Trust Agreement also imposes attorney fees and costs upon a delinquent employer incurred during the collection process, regardless of whether suit is filed. (Pelletier Decl., at ¶8; Ex. 2 at Amendment #5, pp. 89-90). Reasonable attorney fees include work performed by paralegals and other non-attorneys, as that

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – 6
2:23-cv-00046-MJP

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

work provides a benefit to the Healthcare Trust at rates lower than what an attorney would cost, ultimately benefiting the participants and beneficiaries, and billing trust funds for such work is customary in the Pacific Northwest. (Pelletier Decl., at ¶8). This approach has been upheld in the Ninth Circuit. *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), citing *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

Accordingly, the Healthcare Trust requests an award of $6,028.10 in attorney fees and $437.00 in costs against Defendant Pacific Ship Repair.

## V. CONCLUSION

The Healthcare Trust has established a prima facie case for liability and damages and Defendant has not responded despite lawful service of process. Entry of a default judgment is justified and supported by law. A proposed order and judgment are attached for the Court's consideration.

Dated: May 3, 2023.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
**Barlow Coughran Morales & Josephson, P.S.**
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900 (t)
jeffreym@bcmjlaw.com

Counsel for Plaintiff
Puget Sound Electrical Workers Healthcare Trust

I certify that this memorandum contains 1,790 words, excluding the caption, footnotes, the signature block, and the certificate of service, in compliance with the Local Civil Rules.

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – 7
2:23-cv-00046-MJP

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

# **CERTIFICATE OF SERVICE**

I certify that on Wednesday, May 3, 2023, I caused the *Plaintiff's Motion for Entry of Default Judgment*, with supporting papers, to be filed with the Clerk of Court via CM/ECF and served on:

> *For Defendant Pacific Ship Repair & Fabrication, Inc.*
> None; no appearance.

Dated: May 3, 2023.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – 8
2:23-cv-00046-MJP

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900