1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUND ELECTRICAL
WORKERS HEALTHCARE TRUST,

           Plaintiff,

    v.

PACIFIC SHIP & FABRICATION
INC.,

           Defendant.

CASE NO. C23-46 MJP

ORDER ON MOTION FOR
DEFAULT JUDGMENT

This matter comes before the Court on Plaintiff's Motion for Entry of Default Judgment. (Dkt. No. 10.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion and ENTERS Default Judgment in Plaintiff's favor on the terms specified in this Order.

**BACKGROUND**

Plaintiff Puget Sound Electrical Workers Healthcare Trust is a joint labor-management trust fund organized under the Labor Management Relations Act (LMRA) that provides health and welfare benefits under the Employee Retirement Security Act of 1974 (ERISA). (Complaint ¶ 1.1 (Dkt. No. 1).) Plaintiff brings this lawsuit against Defendant Pacific Ship Repair and

1  Fabrication, Inc. to collect liquidated damages, interest, attorneys' fees, and costs. Pacific Ship is

2  bound by a labor agreement to make timely fringe benefit contributions to the Trust for hours

3  worked by Pacific Ship's employees covered by the labor agreement. (Id. ¶¶ 3.1-3.5.) Pacific

4  Ship also agreed to timely submit remittance reports of covered work performed, submit to an

5  audit, pay liquidated damages of 20% on all delinquent contributions if a lawsuit was

6  commenced, pay interest on delinquencies at a rate of 12% per annum, and pay the Trust's

7  attorneys' fees and costs. (Id. ¶ 3.1.)[1]

8        The Trust asserts that Pacific Ship did not provide timely monthly reporting of fringe

9  benefits due for August 2022 and made an untimely payment of the fringe benefits due for

10  August 2022 on November 7, 2022. (Declaration of Rose Pelletier ¶ 12 (Dkt. No. 11).) After this

11  lawsuit was filed in January 2023, Pacific Ship provided remittance reports and payment for

12  fringe benefits due in September and November 2022, as well as liquidated damages and interest

13  owed for the late August 2022 fringe benefits. (Id. ¶ 14.) The Trust asserts that Pacific Ship still

14  owes liquidated damages and interest arising from its late payment of contributions for

15  September through December 2022. (Id. ¶ 15.) The Trust asserts that this amounts to $1,087.06

16  in liquidated damages and $310.08 in accrued interest. (Id. ¶ 17.) The Trust also asserts that

17  Pacific Ship has not provided monthly remittance reports and fringe benefits contributions for

18  January through March 2023 and the sums due are presently unknown. (Id. ¶ 16.) The Trust also

19  seeks $6,028.10 in attorneys' fees and $437.00 in costs incurred in preparing and prosecuting

20  this action. (Mot. at 7; Declaration of Jeffrey Maxwell ¶ 9 (noting that the attorneys' fees are

21  limited to fees incurred from September 20, 2022 onward) (Dkt. No. 12).)

22

23  [1] The Court notes that the Complaint contains two paragraphs number 3.1. This cite refers to the

24  second paragraph 3.1, which appears on page 3 of the Complaint.

**ANALYSIS**

A court's decision to enter a default judgment is discretionary. <u>Aldabe v. Aldabe</u>, 616

F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts

prefer to decide "cases on their merits whenever reasonably possible." <u>Eitel v. McCool</u>, 782 F.2d

1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default

judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive
> claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts; (6) whether the default was due
> to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil
> Procedure.

<u>Id.</u> at 1471-72. Courts reviewing motions for default judgment must accept the allegations in the

complaint as true, except facts related to the amount of damages. <u>Geddes v. United Fin. Grp.</u>,

559 F.2d 557, 560 (9th Cir. 1977).

As an initial matter, the Court finds that it has jurisdiction over this action pursuant to 29

29 U.S.C. §§ 1132(e)(1) & 1132(f). The Court also finds that venue is proper under 29 U.S.C. §

1132(e)(2) because the Trust is administered in this District.

The Court finds that the <u>Eitel</u> factors weigh in favor of entry of default judgment. First,

without entry of default judgment, the Trust and its ultimate beneficiaries will be denied benefits

due. Second, the Trust has presented cogent allegations, which the Court accepts as true, that

Pacific Ship has failed to timely remit contributions due and therefore owes liquidated damages

and accrued interest. Third, the Complaint is adequately drafted and sets for the basis for relief.

Fourth, the amount of money at stake is clearly identifiable. Fifth, the current allegations do not

appear to be subject to a dispute of fact. Sixth, there does not appear to be any basis to find

excusable neglect given Pacific Ship's decision not to participate in this action to date despite

1    being properly served. Seventh, while the Federal Rules favor a decision on the merits, the Court

2    finds that absent a default judgment the Trust will be stymied in its efforts to vindicate its rights

3    and protect the rights of the covered workers to obtain benefits due. On balance, the Court finds

4    that the Eitel factors weigh in favor of entry of default judgment.

5             Based on the allegations in the Complaint and the supporting evidence provided, the

6    Court finds that Pacific Ship failed to timely remit contributions due to the Trust from September

7    through December 2022 and that it owes $1,087.06 in liquidated damages and $310.08 in

8    accrued interest. (See Pelletier Decl. ¶ 17.) The Court directs entry of judgment in these amounts.

9             The Court also finds that the Trust is entitled to attorneys' fees and costs incurred to date.

10   The Court assesses this request under the relevant criteria outlined in Kerr v. Screen Extras

11   Guild, Inc., 526 F.2d 67, 70, abrogated on other grounds by City of Burlington v. Dague, 505

12   U.S. 557 (1992):

13            (1) the time and labor required, (2) the novelty and difficulty of the questions involved,
              (3) the skill requisite to perform the legal service properly, (4) the preclusion of other
14            employment by the attorney due to acceptance of the case, (5) the customary fee, (6)
              whether the fee is fixed or contingent, (7) time limitations imposed by the client or the
15            circumstances, (8) the amount involved and the results obtained, (9) the experience,
              reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the
16            nature and length of the professional relationship with the client, and (12) awards in
              similar cases.
17
18   Id. Plaintiff has provided evidence (albeit sparse) to support each of these factors in an affidavit

19   from counsel and its supporting exhibits. (Dkt. No. 12.) The Court finds this evidence persuasive

20   that the hours expended, the costs incurred, and the hourly rates requested are reasonable. Given

21   the records provided, the Court awards Plaintiff $6,028.10 in attorneys' fees and $437.00 in

22   costs. (See id.)

23            The Court directs the Clerk to enter a separate judgment in the amounts specified in this

24   Order.

The Clerk is ordered to provide copies of this order to all counsel.

Dated May 11, 2023.

Marsha J. Pechman
United States Senior District Judge